## Ross *v.* Blair Limestone Company, Appellant.

*Negligence—Release of damages—Fraud in procuring release—Evidence—Case for jury.*

In an action to recover damages for death of plaintiff's husband where the case turns upon the validity of a release of damages, the case is for the jury where there is precise, clear and indubitable evidence that the plaintiff was induced to sign the release by representations which were not true, which were material, and which brought about a settlement prejudicial to the plaintiff by express denial, and by suppression of the truth.

On the question of fraud in obtaining such a release, the testimony of one witness is sufficient to carry the case to the jury, if that evidence is clear, precise and indubitable.

Argued Oct. 22, 1917.   Appeal, No. 1, Oct. T., 1917, by defendant, from judgment of C. P. Blair Co., Oct. T., 1916, No. 61, on verdict for plaintiff in case of Lillie Ross *v.* Blair Limestone Co.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before SEARLE, P. J.

At the trial the issue was whether a release signed by the plaintiff was obtained by misrepresentation and

128, (1918).]    Verdict—Opinion of the Court.
fraud.  The evidence on this subject is summarized in the
opinion of the Superior Court.

Verdict and judgment for plaintiff for $900.  Defend-
ant appealed.

*Error assigned,* among others was in overruling de-
fendant's motion for judgment n. o. v.

*W. I. Woodcock,* with him *W. A. Challener,* for appel-
lant.—There was not sufficient evidence of fraud to sub-
mit to the jury: Shambach v. Electric Co., 232 Pa. 641;
Clark v. Everhart, 63 Pa. 347; Penna. R. R. Co. v. Shay,
82 Pa. 198; Spritzer v. Penna. R. R. Co., 226 Pa. 166.

*Thos. C. Hare,* with him *R. W. Williamson,* for appel-
lee.—The effort to nullify the effect of the release has no
relation whatever to an attempt to modify or contradict
its terms.  Even though the question of fraud in the pro-
curement of the release was based upon the testimony of
a single witness, such testimony was sufficient to carry
the case to the jury: Spritzer v. Penna. R. R. Co., 226
Pa. 166; Gordon v. Great Atlantic, Etc., Tea Co., 243
Pa. 335; Haney v. Moorehead, 61 Pa. Superior Ct. 187.

OPINION BY HENDERSON, J., March 2, 1918:
The assignments of error raise the single inquiry
whether the evidence was sufficient to support the action
of the court in submitting to the jury the question
whether the release by the plaintiff was obtained by mis-
representation and fraud.  The negligence of the de-
fendant was established to the satisfaction of the jury
and the evidence was such as required the court to sub-
mit that question.  The defense now relied on is the re-
ceipt and release given to the defendant before the trial
at the time when the latter's agent, Nicholson, and Dr.
Campbell, made a settlement with the plaintiff.  The
learned trial judge in disposing of the motion for judg-
ment non obstante veredicto reviewed the facts carefully

and reached the conclusion that there was competent testimony to impeach the settlement. An examination of the evidence brings us to the opinion that this action was correct. It is undoubtedly true that the presumption in favor of the integrity of a release is not to be lightly overcome and that precise, clear and indubitable evidence is necessary to produce such a result. This does not mean that the same number of witnesses is necessary to avoid a release as is required to contradict or alter an instrument in writing and on the question of fraud in obtaining a release the testimony of one witness is sufficient to carry the case to the jury if that evidence be clear, precise and indubitable. There is little contradiction in the essential facts involved in the procurement of the release on which the defendant relies. It was obtained by persons one of whom was confessedly the agent of the defendant and the other of whom the jury might well infer from the testimony was acting in the same interest. The evidence shows without contradiction that the president of the defendant committed the matter of the plaintiff's claim against the company to a reputable attorney who was acting for the company and who was authorized to arrange a settlement of the case. It is shown by uncontradicted evidence that the plaintiff's attorney and the counsel of the defendant referred to held a conference or conferences in regard to a settlement as a result of which the defendant's counsel made an offer of $3,500 in compromise of the claim to which was to be added counsel fees for the plaintiff. It is admitted by the defendant's witnesses, Nicholson and Campbell, that they denied any offer of compromise or settlement had been made except one of $500 made by the president of the company very soon after the plaintiff's husband was killed. Whether, therefore, these witnesses intentionally misstated the fact or made the statement without knowledge on the subject the effect was the same on Mrs. Ross. It appears in the evidence without contradiction that the plaintiff told Nicholson and Campbell, when

they induced her to come to the latter's office to settle the case and told her what they were willing to offer, that she had been informed an offer had been made to her attorney as above recited and that both of these witnesses told her that was not true. One of them as stated by the plaintiff said her attorney lied; that he was dissolute and untrustworthy. That the object of these statements was to persuade the plaintiff to sign the paper seems manifest. Their object was to procure a settlement and it was necessary to satisfy the plaintiff that no better offer had been made than that which they were now making to carry out their purpose, and to accomplish this the discrediting of the plaintiff's attorney was considered necessary. This occurred while the negotiation between the counsel for the respective sides was pending and when from the evidence disclosed there was reason to believe the larger sum would have been paid. The only answer given by the defendant is that there was no positive agreement of settlement; that the defendant's attorney had no authority to bind the company to the payment of any particular sum; but this would be true in the case of an offer to compromise a larger claim up to the time the compromise was actually consummated. What had been done was this, the defendant's attorney who was authorized to settle the case made an offer of $3,500 and counsel fees to the plaintiff which offer the plaintiff's attorney was considering. The defendant's agents denied to the plaintiff that such an offer had been made and induced her to accept a much smaller sum. Giving the plaintiff the benefit of the testimony in the case favorable to her and the inferences which might properly be drawn therefrom there is little room for any other conclusion than that she was induced to sign the paper by representations which were not true, which were material and which brought about a settlement prejudicial to the plaintiff by express denial and by suppression of the truth. The defendant can not reap the advantage of such a transaction without assum-

ing responsibility for the conduct of its agents. The testimony in support of the plaintiff's claim is clear, precise and might well be regarded as indubitable by the jury.

The judgment is affirmed.